FORCHELLI DEEGAN TERRANA LLP
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
(516) 248-1700
By: Gerard R. Luckman

**Hearing Date: July 29, 2020**
**Hearing Time: 1:30 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

    Winward Long LLC,

                         Debtor.
-------------------------------------------------------------X

Chapter 11

Case No. 8-20-72041-REG

## STATEMENT OF CONCERNS OF GERARD R. LUCKMAN AS SUBCHAPTER V TRUSTEE REGARDING DEBTORS MOTION FOR APPROVAL OF DEBTOR-IN-POSSESSION FILING AND MOTION TO FIX SECURED CLAIM

        Gerard R. Luckman, Subchapter V Trustee, in accord with his duties under Section 1183 of the Bankruptcy Code, hereby submits this Statement of Concerns regarding the motion of Winward Long LLC (the "Debtor") to fix the secured creditor's claim and the Debtor's motion to obtain Debtor-in-possession financing.

        The Debtor was formed to hold one asset, ownership of 211 Belmont Avenue, Westbury, New York. Upon information and belief, the principal of the Debtor purchased the deed for this property subject to a senior mortgage lien in connection with the foreclosure of the junior lien which was out of the money.

        The first mortgage lien is also in foreclosure in a separate action. That case was brought in Nassau Supreme Court; case number 609133/2018. The Debtor, a defendant in that proceeding, was represented in that action by its current proposed bankruptcy counsel. By Order dated August 28, 2019 and entered on September 2, 2019, summary judgment was granted to the first mortgagee. On October 2, 2019, the Debtor filed a Notice of Appeal in that action. A copy

of the Notice of Appeal with the Order and Judgment is annexed hereto as Exhibit "A".

Despite the Debtor actively litigating with the first mortgagee, the attorneys for the foreclosing mortgagee were not notified of the Chapter 11 filing or of any of the motion's filed in this case. Despite the Debtor scheduling a co-debtor (the mortgagor of the property) in its schedules, the co-debtor also does not appear to have been served with any of the pleadings in this case.

On July 8, 2020, after the subchapter V trustee raised noticing concerns at the July 6, 2020 section 341 meeting held in the related case In re Malinki Slonik LLC 20-72239 (AST), the Debtor filed in the pending foreclosure action a notice of the commencement of its bankruptcy case.

The Debtor's Chapter 11 case was filed on May 12, 2020. The Subchapter V Trustee was appointed on May 15, 2020.

**The Proposed Financing**

The Debtor is seeking proposed Debtor-in-possession ("DIP") financing in the amount of $79,500 to rehabilitate property that it expects to value at $110,000. The Debtor's sole asset is property known as 226 Lawson Street, Hempstead, NY. The Debtor is also seeking authority to utilize nonexistent cash collateral. The Debtor testified at the 341 meeting that the property is not rented or otherwise generating income. At paragraph 3 of the DIP Motion, the Debtor states that it needs DIP financing and use of cash collateral "to fund its post-petition operating requirements in a manner that will permit the continued safe and orderly transition of its numerous client related services to other providers..." At paragraph 9 of the DIP motion the Debtor references "its not-for-profit status". There is no other reference to what the Debtor's business actually is. Further, a condition to closing the DIP loan is that "the Borrower shall have filed a motion with the Bankruptcy Court seeking approval of the BH Agreement..." There does

not appear any reference to what this proposed agreement is. While not specifically requesting relief under 364(d)(1), the motion at paragraph 14(iv) suggests that the DIP facility is to be secured by a first priority security interest in the Debtor's real property. There are other issues of note with regard to the proposed financing.

- The Carve Out is $100,000 on a $79,500 credit facility;
- The Debtor suggests that the senior secured creditor is adequately protected by replacement liens subject to the Carve Out, DIP liens and pre petition liens;
- DIP Agreement contains defaults for variances in actual receipts when there is no revenue.

There are myriad issues with the filings in the case, as well as the related case. The Subchapter V Trustee believes that many of the pending matters would have been opposed by counsel to the senior secured creditor had they been properly served.

## Conclusion

For these reasons, the Subchapter V Trustee believes that the proposed DIP Financing Motion and the Valuation Motion should be adjourned in contemplation of necessary amendments to address the inherent deficiencies and to assure that the senior secured creditor is served through its counsel.

Dated: Uniondale, New York
      July 20, 2020

                                    FORCHELLI DEEGAN TERRANA LLP
                                    *Subchapter V Trustee*

                                    By:_____
                                      Gerard R. Luckman
                                      333 Earle Ovington Boulevard, Ste. 1010
                                      Uniondale, NY  11553
                                      (516) 248-1700
                                      gluckman@forchellilaw.com

3